# FELICELLO

| | | |
|---|---|---|
| | Michael James Maloney[*]<br>Partner | Felicello Law P.C.<br>366 Madison Avenue<br>3rd Floor<br>New York, NY 10017<br><br>Tel. +1 (212) 584-7806<br>Direct +1 (646) 564-3510<br>mmaloney@felicellolaw.com |

January 20, 2023

VIA ECF

Hon. Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 518
New York, NY 10007

Re:   *Strike 3 Holdings, LLC v. John Doe subscriber assigned IP Address 67.243.150.114*,
       Civil Action No.: 1:22-cv-08788-VSB

Dear Judge Broderick,

We write on behalf of our client, an Internet Subscriber of Charter Communications, Inc. (the "ISP"), who has received a notice (the "Notice") regarding a subpoena issued by Plaintiff Strike 3 Holdings, LLC ("Plaintiff") on the ISP. [1] We respectfully submit this letter-motion to request a 30-day extension of time to move, object, or otherwise respond to the Subpoena. The Notice from the ISP states that the deadline to object to the Subpoena is "January 20, 2023 at 4:00 pm CST." Accordingly, we request that our client's deadline be extended to February 24, 2023 and that the ISP be directed to **not** disclose any information in response to the Subpoena until further order of the Court. Further, we respectfully request the Court to grant leave to allow the Internet Subscriber to continue to proceed anonymously until further Order from the Court.

Request for an Extension of Time.

The original deadline stated in the Notice is January 20, 2023, 4 pm CST. There have been no previous requests for extensions of time. While counsel for Plaintiff initially refused to consent to an extension of time, today counsel for Plaintiff consented to a two-week extension of time to February 3, 2023. Because we were recently retained, we require more than two weeks' time to discuss the facts with our client and advise the client regarding the Subpoena. Also, counsel for Plaintiff has now sent a confidential settlement proposal with proposed legal documents that we require review and discussion with our client. Our client has expressed an interest in settling the case and we will need time to advise the client and negotiate with Plaintiff. The extension of time does not adversely impact any other scheduled dates.

---

[1] The Notice attached a copy of the Subpoena and the Court's November 10, 2022 Order (the "Order").

*Admitted to practice law in New York

Motion for Leave to Litigate Anonymously

The Second Circuit has held that a party may proceed on an anonymous basis, despite the usual requirements under the Federal Rules of Civil Procedure for the parties to be named in a pleading. *See Sealed Plaintiff v. Sealed Defendant # 1*, 537 F.3d 185,189 (2nd Cir. 2008). (holding that a district court could allow an anonymous plaintiff to prosecute a matter if need for anonymity outweighed the countervailing interests of full disclosure). The Second Circuit has set forth a non-exhaustive list of factors that district courts are to consider when deciding a motion to proceed anonymously, including:

> 1) whether the litigation involves matters that are highly sensitive and of a personal nature;
> 2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or to innocent non-parties;
> 3) whether identification presents other harms and the likely severity of those harms;
> 4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure;
> 5) whether the suit is challenging the actions of the government or that of private parties;
> 6) whether the defendant is prejudiced by allowing the plaintiff to proceed anonymously, whether the nature of the prejudice (if any) differs at any particular stage of the litigation and whether any prejudice can be mitigated by the District Court;
> 7) whether the plaintiff's identity has thus far been kept confidential;
> 8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;
> 9) whether because of the purely legal nature of the issues presented or otherwise there is an atypically weak public interest in the knowing the litigants identities; and
> 10) Whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Plaintiff v. Sealed Defendant # 1*, 537 F.3d at 189-190 (internal citations omitted).

Courts in the Southern District of New York have applied the standards set forth in *Sealed Plaintiff* in factually similar cases to the instant matter and consistently granted defendants' requests to proceed anonymously in copyright infringement lawsuits involving allegations of illegally downloading a pornographic film.. *See*, *e.g.*, *Next Phase Distrib., Inc. v. Doe*, 2012 U.S. Dist. LEXIS 27260, 101 U.S.P.Q.2D (BNA) 1944, 2012 WL 691830 *4-*6 (S.D.N.Y., March 1, 2012) (granting defendant's motion to proceed anonymously because of "the highly sensitive nature and privacy issues that could be involved with being linked to a pornography film. . . the lack of any showing by plaintiff that they would be prejudiced if defendant Doe proceeded

anonymously, and . . . the minimal public interest (when weighed against defendant's interests) in disclosing defendant's name".) *See also Patrick Collins, Inc. v. Does 1-4*, 2012 U.S. Dist. LEXIS 82253, 2012 WL 2130557 (S.D.N.Y. June 12, 2012) (John Doe defendants who wished to remain anonymous permitted to do so by letter request). Courts have noted that having one's identity associated with the act of downloading a pornographic movie is embarrassing and damaging to one's reputation in the community at large. *In re: Bit Torrent Adult Film Copyright Cases*, No. 12 CV 1154 (GRB), 2012 WL 1570765 at *10 (E.D.N.Y. May 1, 2012). Moreover, "the risk of misidentification — which is not insignificant where a defendant is identified only by IP address — favors allowing anonymous litigation." *Malibu Media, LLC v. Doe*, 2015 U.S. Dist. LEXIS 91065, 2015 WL 4271825 at *8 (S.D.N.Y. July 14, 2015) (citing *Malibu Media, LLC v. Doe No. 4*, 2012 U.S. Dist. LEXIS 170554 at *12, 2012 WL 5987854, at *4 (S.D.N.Y. Nov. 30, 2012)).

Here, as in the cases noted above, all of the relevant factors favor the continued anonymity of our client, especially since it is not yet clear that our client is the John Doe that Plaintiff alleges to have downloaded its copyrighted material.

First, it has been consistently held that this type of copyright litigation involves allegations of matters that are highly sensitive and of a personal nature – the allegation, which our client denies, that they were involved in the downloading of a pornographic movie. If our client's identity is revealed to the public, they will be held to ridicule and their reputation in the community will suffer.

Importantly, in *Next Phase Distribution*, the Court discussed the legitimate risks that the names associated with the IP address at issue in the litigation in fact would not be the IP address of the actual perpetrator of the infringement on the copyrighted material. The Court in *In re: Bit Torrent Adult Film Copyright Cases*, expressed similar concerns, which were supported by evidence that 30% of individuals whose names are associated with IP addresses were not the actual individuals who actually infringed through the download or sharing of the copyrighted material. *In re: Bit Torrent Adult Film Copyright Cases*, 2012 WL 1570765 at *4. Courts have repeatedly addressed this concern in situations such as the current case, where the IP address is obtained from an ISP through a wireless router, and potentially hundreds of third parties could have access to the John Doe defendant's internet service and, therefore, the risk that our client is not the procurer of copyrighted pornography is extremely high.

Second, Plaintiff will not be prejudiced by allowing our client to remain anonymous at this pre-discovery stage. Plaintiff's counsel has been amenable to having other parties in similar cases proceed anonymously and Plaintiff can communicate through undersigned defense counsel.

Finally, there is no apparent public interest in the litigation that is furthered by requiring our client to disclose their identity insofar as there is no demonstrable public interest in knowing the identity of our client. *Next Phase Distribution, Inc.*, 2012 WL 691830 at *2.

In conclusion, we respectfully submit that revealing our client's actual name at this stage of the proceedings is unnecessary and serves no public interest. Moreover, since defense counsel has now appeared in this case, continued anonymity does not in any way prejudice Plaintiff's ability to proceed in this case.

Hon. Vernon S. Broderick
United States District Judge
January 20, 2023
Page 4 of 4

      Accordingly, our client respectfully requests entry of an Order providing for (i) a 30-day extension of time to move, object, or otherwise respond to the Subpoena to February 24, 2023, (ii) a continuation of the directive to preclude the ISP from disclosing information in response to the Subpoena until further order of the Court, and (iii) that this Court maintain John Doe's anonymity and continue to allow them to use the pseudonym John Doe in these proceedings.

      Sincerely,

      */s/ Michael James Maloney*

      Michael James Maloney

cc:    All counsel of record

      Nydia Shahjahan, Esq.
      *Co-Counsel to Internet Subscriber*
      *by email to nydia@nslawnewyork.com*

**SO ORDERED:** 01/23/2023

*/s/ Vernon Broderick*
**HON. VERNON S. BRODERICK**
**UNITED STATES DISTRICT JUDGE**

It is hereby ORDERED that the Defendant's time to move, object, or otherwise respond to the Subpoena is extended to February 24, 2023. IT IS FURTHER ORDERED that Defendant's ISP shall not produce any subpoenaed information to Plaintiff until further order by this Court. IT IS FURTHER ORDERED that Defendant's anonymity is hereby maintained and Defendant will be allowed to continue to use the pseudonym John Doe in these proceedings.