# FELICELLO

|  |  |
|---|---|
| Michael James Maloney* <br> Partner | Felicello Law P.C. <br> 366 Madison Avenue <br> 3rd Floor <br> New York, NY 10017 <br><br> Tel. +1 (212) 584-7806 <br> Direct +1 (646) 564-3510 <br> mmaloney@felicellolaw.com |

February 24, 2023

**SO ORDERED:** 03/2/2023

*[signature]*

HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

Plaintiff shall file a letter by March 7, 2023 outlining its objections to Defendant's proposed protective order. (Doc. 13-1.)

VIA ECF

Hon. Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 518
New York, NY 10007

Re:   *Strike 3 Holdings, LLC v. John Doe subscriber assigned IP Address 67.243.150.114*,
      Civil Action No.: 1:22-cv-08788-VSB

Dear Judge Broderick,

We represent the John Doe, an Internet Subscriber (the "Subscriber") of Charter Communications, Inc. (the "ISP"). The Subscriber has received a notice (the "Notice") regarding a subpoena (the "Subpoena") issued by Plaintiff Strike 3 Holdings, LLC ("Plaintiff") to the ISP. The Subpoena seeks production of documents containing the name and address of a person associated with the internet protocol ("IP") address 67.243.150.114 on September 27, 2022. [1] Please accept this letter as the Subscriber's motion for an order, pursuant to Fed. R. Civ. P. 26(c), for entry of a protective order governing the confidentiality of information that may be disclosed in response to the Subpoena.

<u>Background</u>

This is a copyright infringement case against one or more John Doe Defendants. In the Complaint, Plaintiff alleges 27 separate instances of copyright infringement occurring on specific dates and times between December 2020 and September 2022. Plaintiff alleges that it knows the Defendants only by an internet protocol ("IP") address "67.243.150.114" and Defendant's true identities are known by their ISP.

On November 10, 2022, Plaintiff was granted leave to serve a third-party subpoena on the ISP to obtain identifying information associated with the 27 alleged infringements associated with the IP address 67.243.150.114 identified in Exhibit A to the Complaint. [*See* ECF 8]. On or about

---

[1] The Notice attached a copy of the Subpoena and the Court's November 10, 2022 Order.

*Admitted to practice law in New York

Hon. Vernon S. Broderick
United States District Judge
February 24, 2023
Page 2 of 2

November 21, 2022, Plaintiff issued a subpoena (the "Subpoena") seeking the identity of the person assigned the IP address 67.243.150.114 on September 27, 2022 at 16:36:20 UTC. Plaintiff's Subpoena did not request the identities of persons associated with any of the 26 other alleged infringements alleged in the Complaint.

The Subscriber received a notice from the ISP regarding the Subpoena and, after being retained, I appeared in this action on January 20, 2023 and moved for an extension of time to February 24, 2023 to respond to the Subpoena and leave to proceed anonymously. By Order dated January 23, 2023, the Court granted the Subscriber's request. [ECF 12]. The Subscriber denies the allegations in the Complaint.

<u>Motion for Protective Order</u>

Under Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." In light of the allegations in the Complaint, this case presents issues of a "highly sensitive nature and privacy issues that could be involved with being linked to a pornography film." *Next Phase Distrib., Inc. v. Doe*, 2012 U.S. Dist. LEXIS 27260, 101 U.S.P.Q.2D (BNA) 1944, 2012 WL 691830 *4-*6 (S.D.N.Y., March 1, 2012). *See also Sealed Plaintiff v. Sealed Defendant # 1*, 537 F.3d 185,189 (2nd Cir. 2008). Accordingly, there exists good cause for entry of a protective order requiring the Subscriber's identity and personal information, along with other persons associated with or visiting the Subscriber, to be maintained as confidential.

This application is made in good faith and not for the purpose of undue delay. I have met and conferred with counsel for Plaintiff by telephone and email regarding confidentiality and a proposed protective order. Despite a good faith effort to reach an agreement, the parties were unable to agree on the terms of a proposed protective order.

A copy of Subscriber's proposed protective order is annexed hereto.

WHEREFORE, Defendant respectfully requests that the Court enter the propose Protective Order annexed hereto.

Sincerely,

/s/ *Michael James Maloney*

Michael James Maloney

cc:   All counsel of record

      Nydia Shahjahan, Esq.
      *Co-Counsel to Internet Subscriber*
      *by email to nydia@nslawnewyork.com*